

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-13-00378-CR

EDRICK DUNN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2011-432,529, Honorable Jim Bob Darnell, Presiding

August 11, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Edrick Dunn appeals his conviction for the offense of aggravated robbery and resulting sentence of fifty years confinement.[1] By a single issue, he maintains the trial court abused its discretion by rejecting his request for a lesser-included offense instruction. We affirm.

---

[1] TEX. PENAL CODE ANN. § 29.03(a)(3)(A) (West 2011). An offense under this section is a felony of the first degree. In addition to the primary offense, the jury also found the allegations of an enhancement paragraph to be true.

*BACKGROUND*

Appellant does not challenge the sufficiency of the evidence supporting his conviction; therefore, we will recite only so much of the evidence as is necessary to an understanding of the issue presented. The criminal charges in question arose from Appellant jerking a purse from the hands of a seventy year old woman as she walked to a convenience store, thereby causing her to fall and sustain minor injuries. Testimony and photographs admitted showed the victim sustained minor injuries, including small abrasions to her right forearm, hand and finger. The victim also complained of injury to her knees and feet. Immediately following the incident, the victim was offered medical attention, but she turned it down. The next day she went to a doctor, who removed three moles from her neck that had been scraped when the purse was pulled away.

At the conclusion of the guilt-innocence phase of trial, Appellant requested the inclusion of an instruction on the lesser-included offense of theft of an elderly person. The trial court denied the request, and that denial forms the basis of this appeal.

### *Lesser-Included Offense*

In determining whether a trial court erred in denying a request for a lesser-included offense instruction we apply a two-step analysis. *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). First, we must determine if the proof necessary to establish the charged offense also includes the lesser offense. *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012). If this threshold is met, we must then consider whether the evidence shows that if Appellant is guilty, he is guilty **only** of the lesser offense. *Id.*

2

Here, the indictment upon which Appellant was tried averred that he:

on or about the 7th day of September, A.D. 2011, did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to [victim], a person 65 years of age or older, by causing the said [victim] to fall and strike the ground . . . .

This language generally tracks the offense of aggravated robbery found under section 29.03(a)(3)(A) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 29.03(a)(3)(A) (West 2011) (stating that a person commits the offense of aggravated robbery if, while in the course of committing theft, he intentionally, knowingly, or recklessly causes bodily injury to a person who is sixty-five years of age or older).

Appellant believes he was entitled to a lesser-included offense instruction because testimony supplied by the victim "raised the question of whether the victim suffered bodily injury or not."[2]  In other words, because some evidence indicated the victim's injuries were minor, he contends there is evidence showing he is guilty of the offense of theft of person, thereby warranting an instruction on that lesser-included offense. *See id.* at § 31.03 (stating that a person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of that property).

What Appellant is missing is evidence tending to show that if he is guilty of any offense, he is **only** guilty of theft.  He cites us to no evidence, and we have found none, suggesting the victim suffered no bodily injury as a result of the offense or that Appellant did not intend to cause bodily injury when he snatched her purse from her as she walked down the street.  And, given that there was no "evidence in the record that

---

[2]"Bodily injury" means physical pain, illness, or any impairment of physical condition.  *See* TEX. PENAL CODE ANN. § 1.07(a)(8) (West Supp. 2014).

3

would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense," the trial court did not err in denying Appellant's requested lesser-included offense instruction. *Hall*, 225 S.W.3d at 536 (quoting *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)). Simply put, Appellant failed to establish the second prong of our two-step analysis. Accordingly, we overrule Appellant's issue.

### CONCLUSION

The judgment of the trial court is affirmed.


Patrick A. Pirtle
Justice

Do not publish.