

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–1675–10

**ABRAHAM CAVAZOS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

MEYERS, J., delivered the opinion of the Court in which PRICE, WOMACK, KEASLER, HERVEY, COCHRAN, and ALCALA, JJ., joined. KELLER, P.J., filed a concurring opinion. JOHNSON, J., concurred.

### O P I N I O N

A jury found Appellant, Abraham Cavazos, guilty of murder and imposed a punishment of twenty-eight years' confinement and a $5,000 fine. *Cavazos v. State*, 329 S.W.3d 838 (Tex. App.—El Paso 2010). Appellant appealed, claiming that the trial court erred by refusing his requested jury instruction on the charge of manslaughter. *Id.* at 840. The court of appeals held that manslaughter is not a lesser-included offense of murder

under Texas Penal Code Section 19.02(b)(2) and thus the trial court did not err by failing to instruct the jury on manslaughter. *Cavazos*, 329 S.W.3d at 845. The court of appeals also concluded that, even if manslaughter were a lesser-included offense of the type of murder charged in this case, there is no evidence in the record that if Appellant is guilty, he is guilty only of manslaughter. *Id.* at 846. Appellant filed a petition for discretionary review asking us to consider whether the court of appeals erred in holding that manslaughter was not a lesser-included offense of the charged murder and in holding that the trial court did not err by denying Appellant's request to instruct the jury on manslaughter. We agree with Appellant that the court of appeals erred in concluding that manslaughter was not a lesser-included offense of the charged murder. However, because there is no evidence that would permit a rational jury to find that, if Appellant is guilty, he is guilty of only the lesser offense, the court of appeals properly held that the trial court did not err in denying Appellant's request for a jury instruction on manslaughter. We will affirm.

## FACTS

The victim, Rogelio Terrazas, was attending a birthday party for Camille Martinez in December of 2004. Camille had previously met Appellant at a night club and had invited him to the party. When Appellant arrived at the party wearing a pink and white striped shirt, Terrazas and his friends teased Appellant about the color of his shirt and called him a "faggot." Terrazas also told Appellant he would show him something pink

and exposed his penis. Terrazas then threw a plastic beer cup at Camille and Appellant, who were sitting together on the couch. Terrazas and Appellant exchanged words, and Appellant stepped in front of Camille and shot Terrazas twice. Appellant left the party with his friends, and Terrazas subsequently died at the scene.

Several days later, Appellant called his friend, Leonor Salais, and told her that he got drunk at a party and shot a guy who kept provoking him. He also told her that he did not mean to shoot anyone. Appellant fled to Mexico, but was extradited back to the United States three years later to stand trial.

Appellant was charged with murder. The indictment stated, in relevant part, that "Abraham Cavazos . . . did then and there, with intent to cause serious bodily injury to an individual, namely, Rogelio Terrazas, commit an act clearly dangerous to human life, to wit: shooting Rogelio Terrazas with a firearm, that caused the death of the said Rogelio Terrazas."

A jury found Appellant guilty of murder in violation of Texas Penal Code Section 19.02(b)(2).[1] The jury assessed punishment at 28 years' confinement in the Institutional Division of the Texas Department of Criminal Justice and imposed a fine of $5,000. Appellant timely appealed the conviction, contending that the trial court erred in denying his requested jury instruction on the lesser-included offense of manslaughter.

---

[1]A person commits murder if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." TEX. PENAL CODE ANN. § 19.02(b)(2). Unless otherwise noted, all future references to sections refer to the Texas Penal Code.

**COURT OF APPEALS**

The court of appeals concluded that manslaughter is not a lesser-included offense of murder under Texas Penal Code Section 19.02(b)(2) and thus the trial court did not err by denying Appellant's request to instruct the jury on manslaughter. *Cavazos*, 329 S.W.3d at 845. The court of appeals further held that, even if manslaughter were a lesser-included offense of the type of murder charged in this case, there is no evidence in the record that if Appellant is guilty, he is guilty only of manslaughter. *Id*. at 846. According to the court, regardless of whether Appellant intended to kill the victim, evidence shows that he did intend to cause serious bodily injury to the victim by pointing the gun at him and pulling the trigger, which is an act clearly dangerous to human life.

The court of appeals stated that, similar to felony murder under Section 19.02(b)(3), the murder charged in this case does not require a culpable mental state for causing the victim's death–it just requires intent to cause serious bodily injury. The court points out that neither Section 19.02(b)(2) nor the indictment required a culpable mental state for committing an act clearly dangerous to human life. In contrast, manslaughter requires proof that Appellant recklessly caused the victim's death.[2] Thus, the elements of

---

[2]A person commits manslaughter if he "recklessly causes the death of an individual." TEX. PENAL CODE ANN. § 19.04(a). "A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." *Id.* § 6.03(c).

manslaughter are not established by proof of the same or less than all of the elements required to establish the charged offense, nor does manslaughter differ from the charged offense only in that a less culpable mental state is sufficient to establish its commission. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(1), (3).

Based on this analysis, the court of appeals overruled Appellant's issues, concluding that manslaughter is not a lesser-included offense of murder under Section 19.02(b)(2), and that even if it were, there is no evidence that if Appellant is guilty, he is guilty of only manslaughter. *Cavazos*, 329 S.W.3d at 845-46.

## ARGUMENTS OF THE PARTIES

Appellant argues that the court of appeals erred when it held that manslaughter was not a lesser-included offense of the charged murder. Appellant contends that, under the rationale advanced by the court of appeals, any killing using a deadly weapon can be murder since no culpable mental state is required. Appellant argues that Section 19.02(b)(2) does, in fact, require a culpable mental state–the intent to cause serious bodily injury. Appellant states that the court of appeals appears to say that he is guilty of felony murder with the felony being the discharge of a firearm, but that is not how he was charged or how the jury was instructed. Appellant asserts that the cases cited by the court of appeals do not support its holding and that there is no support in Texas law for eradicating the *mens rea* requirement from Section 19.02(b)(2).

Appellant argues that he was entitled to a jury instruction on the charge of

manslaughter because there was some testimony that he did not intend to kill anyone, which rebuts or negates one of the crucial elements of murder. Therefore, there was evidence from which a rational jury could have found him guilty of only the lesser-included offense.

The State contends that the plain language of Section 19.02(b)(2) indicates an intent to dispense with a culpable mental state as it relates to the result of the conduct–death of an individual. Manslaughter requires a culpable mental state, recklessness, as to the individual's death while murder under Section 19.02(b)(2) requires that the defendant intend to cause serious bodily injury. Because manslaughter requires proof of a culpable mental state as to the result of the conduct and murder does not, the State argues that manslaughter is not a lesser-included offense of murder under Section 19.02(b)(2), so it was not error for the trial court to refuse the instruction.

The State argues that Appellant mischaracterized the lower court's opinion. The State says that the court of appeals did not hold or conclude that Section 19.02(b)(2) lacks a culpable mental state, rather it said that the *mens rea* for murder under Section 19.02(b)(2) is intent to cause serious bodily injury. The clearly dangerous act under Section 19.02(b)(2) is what causes the death, but the actor must intend to cause only the serious bodily injury, not the resulting death. The State concludes that evidence that Appellant did not mean to shoot anyone does not indicate that he was guilty only of manslaughter because his statement does not establish that he recklessly caused the

victim's death.

## CASELAW AND STATUTES

Courts apply the *Aguilar/Rousseau* test to determine whether an instruction on a lesser-included offense should be given to the jury. *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007); *McKinney v. State*, 207 S.W.3d 366, 370 (Tex. Crim. App. 2006); *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). First, the court determines if the proof necessary to establish the charged offense also includes the lesser offense. *Hall*, 225 S.W.3d at 535-36. If this threshold is met, the court must then consider whether the evidence shows that if the Appellant is guilty, he is guilty only of the lesser offense. The first step is a question of law, and it does not depend on the evidence raised at trial. In fact, it may be performed by the trial judge before trial commences or, as here, on appeal. In this step, the court compares the elements alleged in the indictment with the elements of the lesser offense.

Code of Criminal Procedure Article 37.09[3] says that an offense is a lesser-included offense if "(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;" or "(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission." To determine whether an offense qualifies as a lesser-included offense under Article 37.09(1), we use the cognate-pleadings approach. *Ex parte Watson*, 306

---

[3]Unless otherwise specified, all future reference to Articles refer to the Texas Code of Criminal Procedure.

S.W.3d 259 (Tex. Crim. App. 2009) (op. on reh'g).  In *Watson*, we explained that

> An offense is a lesser-included offense of another offense, under Article 37.09(1) of the Code of Criminal Procedure, if the indictment for the greater-inclusive offense either: 1) alleges all of the elements of the lesser-included offense, or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced.  Both statutory elements and any descriptive averments alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense.  If a descriptive averment in the indictment for the greater offense is identical to an element of the lesser offense, or if an element of the lesser offense may be deduced from a descriptive averment in the indictment for the greater-inclusive offense, this should be factored into the lesser-included-offense analysis in asking whether all of the elements of the lesser offense are contained within the allegations of the greater offense.

*Id*. at 273 (citations omitted).

As we pointed out in *Watson*, the elements of the lesser-included offense do not have to be pleaded in the indictment if they can be deduced from facts alleged in the indictment.  In this situation, the functional-equivalence concept may be part of the lesser-included-offense analysis.  Using functional-equivalence, the court must "examine the elements of the lesser offense and decide whether they are functionally the same or less than those required to prove the charged offense."  *McKithan v. State*, 324 S.W.3d 582, 588 (Tex. Crim. App. 2010) (citing *Farrakhan v. State*, 247 S.W.3d 720, 722-23 (Tex. Crim. App. 2008)).

An offense may also be a lesser-included offense if it differs from the charged offense only in the respect that a less culpable mental state is sufficient to establish its

commission.  *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(3).

If the offense is a lesser-included offense under either Article 37.09(1) or (3), the court moves to the second step of the *Aguilar/Rousseau* test and considers whether there is some evidence that would permit a rational jury to find that, if the appellant is guilty, he is guilty only of the lesser offense.  *Hall*, 225 S.W.3d at 536; *Mathis v. State*, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002).  This second step is a question of fact and is based on the evidence presented at trial.  A defendant is entitled to an instruction on a lesser-included offense if some evidence from any source raises a fact issue on whether he is guilty of only the lesser, regardless of whether the evidence is weak, impeached, or contradicted.  *Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985).

## ANALYSIS

Applying the cognate-pleadings approach, we must determine whether the indictment charging Appellant with murder under Section 19.02(a)(2) alleges all the elements of manslaughter, or elements and facts from which all the elements of manslaughter may be deduced.

The statutory elements of murder under Section 19.02(b)(2), as listed in the indictment, are

(1) Abraham Cavazos [Appellant]
(2) with intent to cause serious bodily injury to an individual, Rogelio Terrazas
(3) committed an act clearly dangerous to human life; shooting Rogelio Terrazas with a firearm
(4) caused the death of Rogelio Terrazas

We compare these allegations with the elements of manslaughter, which are

>   (1) A person [Appellant]
>   (2) recklessly
>   (3) caused the death of an individual [Rogelio Terrazas]

We then ask the question posed by Article 37.09(1):

>   Are the elements of manslaughter established by proof of the same or less
>   than all the facts required to establish the commission of murder under
>   Section 19.02(b)(2)?

Or the question posed by Article 37.09(3):

>   Does manslaughter differ from murder under Section 19.02(b)(2) only in
>   the respect that a less culpable mental state suffices to establish its
>   commission?

*Hall*, 225 S.W.3d at 536.

Because there are allegations in the indictment that are not identical to elements of the lesser offense, we apply the functional-equivalence test to determine whether elements of the lesser offense are functionally the same or less than those required to prove the charged offense. *McKithan*, 324 S.W.3d at 588. The differences here are the following: Murder as alleged in the indictment included the intent to cause serious bodily injury and the commission of an act clearly dangerous to human life (shooting with a firearm) whereas manslaughter includes recklessness, which is a conscious disregard of a substantial and unjustifiable risk regarding circumstances or results surrounding the conduct. The commission of an act clearly dangerous to human life, shooting with a firearm, is the circumstance surrounding the conduct, which would be the same under

either murder or manslaughter. This leaves us with the only difference being intent versus recklessness.

We disagree with the court of appeals's contention that the murder charged in this case does not require a culpable mental state for causing another's death. *Cavazos*, 329 S.W.3d at 845. As we have previously held, the specific intent to kill may be inferred from the use of a deadly weapon. *Godsey v. State*, 719 S.W.2d 578, 580-81 (Tex. Crim. App. 1986) (citing *Flanagan v. State*, 675 S.W.2d 734, 744 (Tex. Crim. App. 1984); *Bell v. State*, 501 S.W.2d 137, 138 (Tex. Crim. App. 1973)). Here, the indictment specified that Appellant shot the victim with a deadly weapon, so it can be inferred that he had the intent to cause the victim's death. Although the only *mens rea* specified in Section 19.02(b)(2) is the intent to cause serious bodily injury and the statute does not add a culpable mental state to the conduct that caused the death, murder under Section 19.02(b)(2) is a "result" crime. *See Lugo-Lugo v. State*, 650 S.W.2d 72, 82 (Tex. Crim. App. 1983) (op. on reh'g) (stating that the statute "focuses the mental state of the individual on the particular result and not on the conduct that causes death").[4] And, because the definition of recklessness is disregarding a risk that circumstances exist or the result will occur, the reckless *mens rea* for manslaughter applies to either the nature of the conduct *or* the result of the conduct.

---

[4]At the time *Lugo-Lugo* was handed down, murder by intent to cause serious bodily harm was section 19.02(a)(2). When definitions were added to 19.02(a), the statute in question became section 19.02(b)(2), but the substance and wording of the statute remains unchanged.

We conclude that causing death while consciously disregarding a risk that death will occur differs from intending to cause serious bodily injury with a resulting death only in the respect that a less culpable mental state establishes its commission. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(3).

Next we must examine all the evidence to determine if a lesser-included-offense instruction on manslaughter was warranted in this case. A defendant is entitled to an instruction on every issue raised by the evidence. *Bell*, 639 S.W.2d 442. "Thus, regardless of the strength or weakness of the evidence, if any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given." *Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992). We also explained in *Saunders* that there are two ways that evidence may indicate that a defendant is guilty of only the lesser offense. First, evidence may have been raised that refutes or negates other evidence establishing the greater offense. Second, the evidence presented regarding the defendant's awareness of the risk may be subject to two different interpretations, in which case the jury should be instructed on both inferences.

Under the second prong of the *Aguilar/Rousseau* test, we must consider whether there was some evidence raised at trial from which a rational jury could acquit Appellant of the greater offense of murder and convict him of the lesser-included offense of manslaughter. There must be some affirmative evidence that Appellant did not intend to cause serious bodily injury when he shot the victim, and must be some affirmative evidence from which a rational juror could infer that Appellant was aware of but

consciously disregarded a substantial and unjustifiable risk that death would occur as a result of his conduct. At this point in the analysis, anything more than a scintilla of evidence may be sufficient to entitle a defendant to a charge on a lesser offense. *Hall*, 225 S.W.3d at 536. However, the evidence produced must be sufficient to establish the lesser-included offense as a "valid, rational alternative" to the charged offense. *Id.* (citing *Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999)). If the evidence raised at trial casts doubt on the greater offense, a lesser-included offense instruction allows the jury to vote for a rational alternative. *Forest*, 989 S.W.2d at 367. While it is true that the evidence may be weak or contradicted, the evidence must still be directly germane to the lesser-included offense and must rise to a level that a rational jury could find that if Appellant is guilty, he is guilty only of the lesser-included offense. Meeting this threshold requires more than mere speculation–it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense.

The evidence in question here is Leonor Salais's testimony that Appellant told her that he did not mean to shoot anyone. Appellant claims that there is no evidence that he intentionally pulled the trigger and that Salais's testimony is evidence that he did not mean to shoot anyone, which negates the intent element of the greater offense. He says pulling out a loaded gun in a room full of people is a reckless act and that shooting directly at a person twice is still reckless as long as the evidence shows no intent to do so. The trial court concluded that testimony from a phone conversation that took place the day after the shooting during which Appellant said he did not mean to shoot anyone does

not indicate that his conduct was reckless. The trial court also noted that there was no evidence to indicate that this was a reckless discharge of a firearm. We agree.

There was no evidence directly germane to recklessness. Pulling out a gun, pointing it at someone, pulling the trigger twice, fleeing the scene (and the country), and later telling a friend "I didn't mean to shoot anyone" does not rationally support an inference that Appellant acted recklessly at the moment he fired the shots. The evidence here does not support a finding of recklessness and does not rise to level that would convince a rational jury to find that if Appellant is guilty, he is guilty of only the lesser-included offense.

Without additional evidence supporting a finding of recklessness, Salais's testimony alone is insufficient to require an instruction on the lesser-included offense of manslaughter. Because the facts did not raise manslaughter as a valid, rational alternative to the charged offense, Appellant was not entitled to the requested jury instruction.

Appellant failed to meet the second prong of the *Aguilar/Rousseau* test because there is no evidence that would permit a rational jury to find that, if Appellant is guilty, he is guilty only of the lesser offense. The court of appeals properly held that the trial court did not err by denying Appellant's requested instruction on the lesser-included offense of manslaughter.

## CONCLUSION

The court of appeals improperly concluded that manslaughter is not a lesser-included offense of murder under Section 19.02(b)(2) as alleged in the indictment.

Appellant demonstrated that manslaughter "differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission," and thus meets the requirements set out in Article 37.09(3) of the Code of Criminal Procedure. Although Appellant satisfied the first step of the *Aguilar/Rousseau* test, he was not entitled to a lesser-included-offense instruction because there was no evidence raised at trial that would permit a rational jury to find that, if Appellant is guilty, he is guilty only of manslaughter. The judgment of the court of appeals is affirmed.

Meyers, J.

Delivered: October 31, 2012

Publish