

IN THE
TENTH COURT OF APPEALS

No. 10-13-00294-CR

AUGUSTINE CANTU JIMENEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2013-29-C1

MEMORANDUM OPINION

Augustine Cantu Jimenez was convicted of murder and sentenced to life in prison. TEX. PENAL CODE ANN. § 19.02(b)(2) (West 2011). Because the trial court did not err in denying a requested lesser included offense instruction or in excluding expert testimony, the trial court's judgment is affirmed.

BACKGROUND

Jimenez had been at a bar with his niece and a friend. They were thrown out of the bar. A short while later, the friend tried to reenter the bar which caused a

disturbance to spill into the parking lot of the bar. Jimenez then returned to the bar parking lot with an opened knife. He stabbed Darrell MacKenzie who died at the scene.

**LESSER-INCLUDED OFFENSE**

In his first issue, Jimenez argues that the trial court erred in denying his requested instruction on the lesser-included offense of manslaughter and the associated instruction on self-defense against a manslaughter charge.

Jimenez was found guilty of murder in violation of Texas Penal Code Section 19.02(b)(2). Pursuant to that statute, a person commits murder if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." TEX. PENAL CODE ANN. § 19.02(b)(2) (West 2011). However, a person commits manslaughter if he "recklessly causes the death of an individual." *Id*. § 19.04(a). "A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." *Id*. § 6.03(c).

Courts apply the *Aguilar/Rousseau* test to determine whether an instruction on a lesser-included offense should be given to the jury. *Cavazos v. State*, 382 S.W.3d 377, 382

(Tex. Crim. App. 2012); *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). First, we determine if the proof necessary to establish the charged offense also includes the lesser offense. *Cavazos*, 382 S.W.3d at 382; *Hall*, 225 S.W.3d at 535-36. If this threshold is met, we then consider whether some evidence shows that if the appellant is guilty, he is guilty only of the lesser offense. *See Cavazos*, 382 S.W.3d at 382.

Manslaughter has been held to be a lesser-included offense of murder under section 19.02(b)(2). *Id*. at 384. Thus, we next examine all the evidence to determine if a lesser-included-offense instruction on manslaughter was warranted in this case. Under this second prong of the *Aguilar/Rousseau* test, we must consider whether there was some evidence raised at trial from which a rational jury could acquit Jimenez of the greater offense of murder and convict him of the lesser-included offense of manslaughter. *See id.* at 385. In other words, there must be some affirmative evidence that Jimenez did not intend to cause serious bodily injury when he stabbed MacKenzie, and there must be some affirmative evidence from which a rational juror could infer that Jimenez was aware of but consciously disregarded a substantial and unjustifiable risk that death would occur as a result of his conduct. *See id*.

The evidence in question here is Jimenez' own testimony that he did not intend to commit serious bodily injury to MacKenzie. But this is not evidence directly relevant to recklessness. Pulling out a knife; holding on to someone while stabbing him at least four times, once being in the heart; fleeing the scene; and later testifying that he did not

intend to commit serious bodily injury does not rationally support an inference that Jimenez acted only recklessly at the moment he was repeatedly stabbing MacKenzie. Thus, Jimenez failed to meet the second prong of the *Aguilar/Rousseau* test because the evidence does not support a finding of recklessness and does not rise to level that would convince a rational jury to find that if Jimenez is guilty, he is guilty of only the lesser-included offense. *See id*. at 385-386.

Accordingly, the trial court did not err in denying Jimenez' requested jury instruction on the lesser included offense of manslaughter. Because the trial court did not err in denying Jimenez' requested jury instruction on the lesser-included offense of manslaughter, it also did not err in denying his requested instruction on the associated instruction of self-defense against the requested manslaughter charge. Jimenez' first issue is overruled.

**EXCLUSION OF EVIDENCE**

In his second issue, Jimenez contends the trial court abused its discretion in excluding evidence about Jimenez' medical condition at the guilt/innocence and punishment phases of the trial. Specifically, he argues that the trial court erred in excluding the evidence because it concerned a medical condition that directly affected Jimenez' ability to perceive his surroundings and, thus, the formation of the reasonable belief that the use of deadly force was immediately necessary to protect himself. This argument, however, does not comport with the argument made at trial.

An argument on appeal must comport with the argument made at trial, otherwise nothing is preserved for appeal. *See* TEX. R. APP. P. 33.1; *Lovill v. State*, 319 S.W.3d 687, 691-692 (Tex. Crim. App. 2009). At the guilt/innocence phase of the trial, Jimenez sought to introduce expert testimony that he had a substantially narrowed field of vision which could not be corrected to 20/20 vision and had a degenerative retinol condition. Outside the presence of the jury, the expert testified as to Jimenez' visual condition and that as a result of Jimenez' condition, Jimenez would be less aware of his surroundings which would sometimes result in being more frightened. The expert would not, however, say that the condition justified using deadly force. When the trial court asked, "[h]ow is this relevant to your client thinking he was justified in killing a man," counsel for Jimenez stated, "I think it more goes to a manslaughter charge that I'm going to be asking for…" Accordingly, Jimenez' issue on appeal does not comport with his argument at trial and is not preserved for our review. Furthermore, we have held Jimenez was not entitled to the manslaughter charge. Therefore, the trial court did not err in excluding evidence counsel contended was only relevant to a charge that was not given.

Jimenez also argues that the testimony was relevant in mitigation of punishment. Jimenez never requested this evidence to be admitted at the punishment phase of the trial. This argument is also not preserved. TEX. R. APP. P. 33.1 .

Jimenez' second issue is overruled.

**CONCLUSION**

Having overruled each issue raised on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed September 18, 2014
Do not publish
[CRPM]

