# NO. 12-15-00022-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARRELL WAYNE BELL,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Darrell Wayne Bell appeals his conviction for continuous sexual abuse of a young child, for which he was sentenced to imprisonment for life. In one issue, Appellant argues that he received ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of a young child. He pleaded "not guilty" to the offense, and the matter proceeded to a jury trial.

The evidence at trial showed that Appellant was living with his fiancée, his fiancée's adult daughter, and the daughter's three children. One of the children was seven-year-old L.J. She testified that Appellant's sexual abuse began on a "movie night." After her brothers fell asleep, Appellant kissed her, showed her a pornographic video, and then licked inside her vagina. L.J. could not remember when that incident occurred. The next assaults occurred the day Appellant dug a trench for a new cable line. L.J.'s grandmother testified that Appellant dug the trench on September 20, 2013. L.J. also testified about several other assaults.

L.J. testified that the last assaults occurred on a night when her grandmother was at work and her mother had left to take her brothers to visit their cousins. The abuse escalated that night. L.J. believed that the date was in December 2013. L.J.'s mother testified that on the day before

Thanksgiving 2013, L.J. told her about the last night she was assaulted. She stated that the night L.J. told her the assault occurred was the previous Sunday.

Ultimately, the jury found Appellant "guilty" of continuous sexual abuse of a young child, and the trial court sentenced him to imprisonment for life. This appeal followed.


**INEFFECTIVE ASSISTANCE OF COUNSEL**

In Appellant's sole issue, he contends that his trial counsel was ineffective for failing to request a lesser included offense instruction on aggravated sexual assault of a child.

**Standard of Review and Applicable Law**

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712.

Review of a trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. It is Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, any

allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. ***Thompson v. State***, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Rarely is the record on direct appeal sufficiently developed to fairly evaluate the merits of a claim of ineffectiveness. ***Bone v. State***, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. ***Thompson***, 9 S.W.3d at 813. Appellant must prove both prongs of the ***Strickland*** test by a preponderance of the evidence in order to prevail. ***Tong***, 25 S.W.3d at 712.

**<u>Analysis</u>**

Appellant observes, and the State concedes, that aggravated sexual assault of a child is a lesser included offense of his continuous sexual abuse charge. *See **Soliz v. State***, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011). Appellant contends that his trial counsel should have requested a jury instruction on the lesser included offense because the jury might have had reasonable doubt that the abuse occurred over a period of thirty days or more as required by the continuous sexual abuse statute. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2014).

A defendant is entitled to an instruction on a lesser included offense if evidence from any source affirmatively raises the issue. ***Bignall v. State***, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). To warrant such an instruction, there must be some evidence directly germane to the lesser included offense for the jury to consider. ***Id.*** The evidence must rise to a level such that a rational jury could find that if the defendant is guilty, he is guilty of only the lesser included offense. ***Cavazos v. State***, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012). Meeting this threshold requires affirmative evidence that both raises the lesser included offense and rebuts or negates an element of the greater offense. ***Id***. The possibility that the jury might disbelieve crucial evidence pertaining to the greater offense is not enough to warrant an instruction on a lesser included offense. ***Bignall***, 887 S.W.2d at 24. When a defendant is not entitled to a lesser included offense instruction, his counsel does not render ineffective assistance by failing to request one. ***Ex parte Thompson***, 179 S.W.3d 549, 560 (Tex. Crim. App. 2005).

In support of his contention that a lesser included offense instruction was warranted, Appellant cites certain evidence that he argues undermines the credibility of some of the abuse

allegations. Thus, he argues, the jury could have disbelieved some of the allegations but believed that other assaults occurred only within a thirty day period.

First, Appellant points to L.J.'s testimony on cross examination, which—according to Appellant—shows "that the first allegation involved extreme leaps in behavior and a rapid elevation of the relationship between [L.J.] and [Appellant] that were incongruous with [L.J.'s] description of [Appellant] generally." Second, Appellant points to L.J.'s testimony that she did not tell the forensic interviewer about the first assault during her initial interview. Third, Appellant cites L.J.'s testimony that other family members were in nearby rooms when the first assault occurred. Fourth, Appellant cites L.J.'s testimony that she had watched certain television programs that contained sexual content. Finally, Appellant points to L.J.'s testimony that other family members were at home on the day he dug the trench for the cable line.

None of the evidence Appellant points to affirmatively raises the issue of the lesser included offense. *See Bignall*, 887 S.W.2d at 24. Evidence that Appellant's behavior was incongruous with his prior behavior, that L.J. did not immediately disclose every instance of abuse, that family members were nearby during some of the abuse, and that L.J. sometimes watched adult television shows does not rationally support an inference that some of the incidents alleged by L.J. occurred but others did not. *See Cavazos*, 382 S.W.3d at 385. Thus, the evidence does not rise to a level that would convince a rational jury that if Appellant is guilty, he is guilty of only the lesser included offense. *See id.* Consequently, Appellant was not entitled to an instruction on aggravated sexual assault of a child. *See id.*

Because Appellant was not entitled to a lesser included offense instruction, his counsel did not render ineffective assistance by failing to request one. *See Ex parte Thompson*, 179 S.W.3d at 560. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered September 2, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2015**

**NO. 12-15-00022-CR**

**DARRELL WAYNE BELL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1078-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*