**AFFIRMED; Opinion Filed November 30, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01134-CR

**GONZALO ULISES COREAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1612118-N**

## MEMORANDUM OPINION
Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Stoddart

A jury convicted Gonzalo Ulises Coreas of driving while intoxicated (DWI), third offense.

In four issues, appellant argues the evidence is insufficient to support the conviction, the trial court

erred by denying his request for a jury charge on a lesser-included offense, the police lacked

reasonable suspicion to stop his vehicle, and the trial court improperly denied his request for a jury

instruction pursuant to article 38.23 of the Texas Code of Criminal Procedure. We affirm the trial

court's judgment.

FACTUAL BACKGROUND

On July 30, 2016, Robert Kelley and his family were driving south on I-35 when they saw

a pickup truck driving at a speed of 30 to 40 miles per hour. Kelley suspected the driver was

impaired and feared he "was going to kill someone." He called 911, provided the make and model

of his car to the dispatcher, turned on his hazard lights, and followed the truck as it drove for fifteen

to twenty minutes. The driver drove erratically and at inconsistent speeds, was unable to maintain his lane, and "put[] on a left blinker or put[] on a right blinker and [drove] in the opposite direction," and drove "half in one lane, half in the other." As the vehicles exited the Interstate, Kelley saw the truck "bumping into the curbs like it's bumper cars."

Marco Domingo, an officer with the Carrollton Police Department, received a call about a possible DWI. The 911 caller reported a truck that was not maintaining its lane, was driving below the speed limit, and almost hit an oncoming vehicle. Domingo received a description of the 911 caller's car and the truck he was following as well as their location. At 9:43, p.m., he saw a truck matching the description he received and a car following with its hazard lights on. He noticed the truck was traveling much more slowly than the posted speed limit, was swerving within its lane, and nearly hit another vehicle. Domingo believed he had corroborated the 911 caller's report and decided to stop the white pickup truck. He was concerned the driver was impaired by alcohol or drugs. When Domingo turned on his lights, the driver "kind of started slowly moving off the roadway. He was moving very sluggish, not distinct or anything like that, but swerving within its lane as well."

Domingo conceded he did not see appellant commit a traffic violation prior to initiating the stop. Domingo testified that while swerving within the lane is not a traffic violation, it indicates intoxication.

As Domingo approached the truck, he smelled alcohol and marijuana. He observed the driver's eyes were bloodshot and glassy. The driver, subsequently identified as appellant, told Domingo he consumed one beer. Domingo decided to conduct field sobriety testing. He administered the horizontal gaze nystagmus test, which looks for an "involuntary jerking of the eyes" that suggests drugs or alcohol in a driver's body. Appellant did not follow Domingo's instructions, which Domingo repeated several times. Officer Mai Tran, who arrived to assist

–2–

Domingo, noticed Domingo gave the same instructions for the horizontal gaze nystagmus test numerous times and offered to provide the instructions in Spanish. She believed appellant understood the instructions in both English and Spanish. Domingo also believed appellant understood the instructions even though he did not follow them.

Officer Tran administered the walk-and-turn test in Domingo's presence. There are eight clues officers look for when conducting the walk-and-turn test, and appellant demonstrated six of them. Domingo testified that observing at least two of the clues is evidence of intoxication, and observing six of eight clues indicates the person's blood-alcohol-content is above 0.08. The officers also attempted to administer the one-leg test, but discontinued the test because appellant indicated he had an ankle injury.

Tran smelled alcohol on appellant and noticed appellant's eyes were "really glassy," he was sweating a lot, and was not able to follow the stimulus well during the horizontal gaze nystagmus test. He appeared to lack balance and was swaying. After observing appellant perform the walk-and-turn test, Tran suspected he was "possibly intoxicated." Appellant was unable to walk in a straight line or follow the instructions. He was unsteady and staggered from side to side. His steps were not "heal to toe" as instructed and "he turned improperly." Appellant did not take the correct number of steps. The State played video from Domingo's car and body cameras for the jury.

Based on the totality of the evidence, including Kelley's statements, observed driving behaviors, the smell of alcohol, and appellant's performance on the field sobriety tests, Domingo believed appellant was intoxicated. Based on the totality of the evidence Tran observed, she also believed there was probable cause that appellant was intoxicated.

Officers took appellant to the Carrollton city jail where he refused to consent to a blood draw. Domingo obtained a search warrant for appellant's blood at 11:35 p.m. The blood draw was taken at 11:51 p.m. Appellant's blood alcohol content was 0.222.

Mike Aman, an Investigator with the Dallas County District Attorney's Office, is an expert in fingerprint identification. He obtained appellant's fingerprints and compared them with fingerprints associated with appellant's two prior DWI convictions: Dallas County cause numbers MB10-13076-M and MB11-13112-M. State's Exhibit 7 includes a mugshot profile and a fingerprint card for each of appellant's two prior DWI offenses. The following information appears on the mugshot profiles: appellant's name, LAI and AIS numbers,[1] book-in dates, date of birth, sex, race, height, weight, hair and eye color, and photographs of appellant.[2] Appellant's LAI number is 1080158. All of the identifying information on the two mugshot profiles is the same.

State's Exhibits 8 and 9 each contain a "Certificate of Thumbprint" and judgment for causes MB10-13076-M (State's Exhibit 8) and MB11-13112-M (State's Exhibit 9). Both judgments state the offense as DWI. Aman matched the thumbprint from MB10-13076-M to appellant's print. However, with respect to cause number MB11-13112-M, Aman testified the thumbprint on the Certificate of Thumbprint was not a good print and could not be the basis of comparison.

The judgment in cause number MB11-13112-M reflects a conviction for DWI, which occurred on March 21, 2011. The judgment states the case was charged by information, and the information is part of State's Exhibit 9 along with the judgment. The information alleges the defendant, Gonzalo Ulises Coreas, illegally operated a motor vehicle in a public place while

---

[1] Aman testified the LAI and SAI numbers are unique identification numbers assigned by the jail and the State of Texas, respectively.

[2] Aman testified the mugshots were of appellant.

–4–

intoxicated on March 21, 2011. The information lists the identification number as 1080158. One of the mugshot profiles in State's Exhibit 7 provides a book-in date of March 22, 2011.

Aman testified appellant has been convicted twice for DWI.

LAW & ANALYSIS

In his first issue, appellant argues the evidence is insufficient to support the conviction because the results of the field sobriety tests and blood test results were "highly questionable." We review a challenge to the sufficiency of the evidence in a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Therefore, in analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.* When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the verdict and therefore defer to that determination. *Id.* Direct and circumstantial evidence are treated equally: circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.*

A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a). An offense under Section 49.04 is a felony of the third degree if it is shown on the trial of the offense that the person has previously been

convicted two times of any other offense relating to the operating of a motor vehicle while intoxicated. *Id*. § 49.09(b)(2). "Intoxicated" means (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or, (B) having an alcohol concentration of 0.08 or more. *Id*. § 49.01(2).

Kelley testified he saw a white truck, later identified as appellant's, driving significantly below the speed limit, erratically and at inconsistent speeds, and half in one lane and half in another. The truck drove "into the curbs like it's bumper cars." Kelley suspected the driver was impaired and feared he "was going to kill someone." Officers Domingo and Tran both smelled alcohol when they approached appellant and noticed his eyes were glassy. Appellant was sweating a lot, swaying, and lacked balance. He was unable to successfully complete field sobriety testing. Once tested, appellant's blood alcohol content was .222 grams of alcohol per 100 milliliters of blood. Appellant had two prior convictions for driving while intoxicated.

Viewing the evidence in the light most favorable to the verdict, and accounting for the factfinder's duty to resolve conflicts in the testimony, we conclude any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See id.* We overrule appellant's first issue.

In his second issue, appellant argues the trial court erred by denying his request for an instruction on the lesser-included offense of misdemeanor driving while intoxicated. When determining whether an instruction on a requested lesser-included offense should have been given to a jury, we apply a two-pronged test. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). First, we determine whether the lesser offense is included within the proof necessary to establish the greater offense. *Id.* If it is, we next determine whether some evidence in the record showed that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Id*. at 382,

385. As to the first prong, the State agrees the misdemeanor offense of driving while intoxicated is a lesser-included offense of felony driving while intoxicated.

As to the second prong, appellant argues the State failed to prove he was convicted of DWI in Dallas County cause number M11-13112-M. Aman testified the thumbprint from cause number M11-13112-M was not a good print and the judgment from that case does not include any other unique identifiers specific to appellant. Aman testified the thumb print taken from appellant matched the print in cause number MB10-13076-M, and appellant does not challenge proof of that conviction on appeal.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id*. There is no "best evidence" rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document. *Id*. While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different ways, including documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id*. at 921–22. As the Texas Court of Criminal Appeals has stated: "Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction." *Id*. at 922.

The identifying information on the two mugshot profiles are the same. Aman testified the mugshots in both profiles are photographs of appellant. One of the mugshot profiles shows appellant was booked-in on March 22, 2011, the day after the offense alleged in the information in cause number M11-13112-M. The information charged Gonzalo Ulises Coreas, identification

number 1080158, with DWI. The identification number is the same as appellant's LAI number assigned by the jail and stated in his mugshot profile. The judgment in cause number MB11-13112-M reflects a conviction for DWI, which occurred on March 21, 2011, by Gonzalo Ulises Coreas. The judgment states the case was charged by information.

Appellant does not point to any evidence that would tend to contradict the evidence showing he previously was convicted twice of driving while intoxicated. Rather, he argues the State failed to link one of the prior convictions to him. However, viewing the evidence in the light most favorable to the verdict, we conclude that a rational fact finder only could have found the two prior convictions beyond a reasonable doubt. There is no evidence in the record indicating appellant only was guilty of one prior DWI offense, or none at all. Therefore, the trial court did not err by failing to give the lesser-included offense instruction requested by appellant. We overrule appellant's second issue.

Appellant asserts another challenge to the jury charge in his fourth issue in which he argues the trial court erred by excluding an instruction pursuant to Texas Code of Criminal Procedure article 38.23, which states:

> (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a). To be entitled to an article 38.23 instruction,

> the defendant must show that (1) an issue of historical fact was raised in front of the jury; (2) the fact was contested by affirmative evidence at trial; and (3) the fact is material to the constitutional or statutory violation that the defendant has identified as rendering the particular evidence inadmissible.

*Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012).

Appellant argues he was entitled to an article 38.23 instruction because there was a fact issue about whether Domingo had sufficient corroborating information to establish reasonable suspicion to detain appellant. Appellant argued at trial there was a fact issue about whether he drove into curbs. Kelley testified he saw appellant's truck "bumping into the curbs like it's bumper cars." However, Domingo testified he did not believe the 911 caller, later identified as Kelley, referenced appellant "hitting curbs or anything like that." We disagree that Kelley's and Domingo's testimony creates a fact issue. While Kelley reported seeing appellant's truck run into curbs, Domingo stated he did not believe or did not recall that Kelley reported the truck running into curbs. Domingo's testimony does not mean Kelley did not see what he reported seeing. Rather, Kelley may not have informed the 911 dispatcher that he saw the truck hitting curbs, the dispatcher did not provide that information to Domingo, or Domingo did not recall receiving the information. We conclude appellant did not show an issue of historical fact was raised in front of the jury. Therefore, the trial court did not err by refusing to give an instruction pursuant to article 38.23. We overrule appellant's fourth issue.

In his third issue, appellant argues the trial court erred by denying his motion to suppress because Domingo lacked reasonable suspicion to stop his vehicle. We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *State v. Rodriguez*, 521 S.W.3d 1, 8 (Tex. Crim. App. 2017). If the trial court does not make express findings of fact, "findings that support the trial court's ruling are implied if the evidence, viewed in a light most favorable to the ruling, supports those findings." *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). "Almost total deference is given to the trial court's implied findings, especially those based on an evaluation of witness credibility and demeanor." *Id.* We then review the legal significance of the facts or the trial court's application of the law to the facts de novo. *Rodriguez*, 521 S.W.3d at 8; *Turrubiate*, 399 S.W.3d at 150 .

A lawful investigative detention must be supported by reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 913 (Tex. Crim. App. 2011); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Brodnex v. State*, 485 S.W.3d 432, 437 (Tex. Crim. App. 2016). This standard is objective and disregards the officer's subjective intent. *Id*. It is based on the totality of the circumstances. *Derichsweiler*, 348 S.W.3d at 914. The detaining officer need not be personally aware of every fact that objectively supports reasonable suspicion to detain because the cumulative information known to the cooperating officers, including police dispatchers, at the time of the stop is considered in determining whether reasonable suspicion exists. *Id*. Information provided to police by a citizen who identifies himself and may be held to account for the accuracy and veracity of her report is regarded as reliable. *Id*. at 914-15.

Domingo testified at the pre-trial suppression hearing. He explained on July 30, 2016, dispatch reported a 911 call from a person who observed a vehicle driving southbound on I-35. The witness informed dispatch that the vehicle was unable to maintain its lane of traffic, traveling approximately 45 miles per hour in a 60 mile per hour zone, and, after exiting the Interstate, went into ongoing traffic and nearly struck another vehicle. Based on the information provided, he believed the driver might be intoxicated. Domingo received a description of the vehicle and its license plate number from the dispatcher.

The witness continued driving behind the vehicle and turned on his hazard lights. Domingo located the vehicle driving on Keller Springs Road, approximately two or three miles after the caller notified 911. Upon identifying the suspect vehicle, a white Ford truck, Domingo drove behind the truck and noted it was driving more slowly than the posted speed limit and it swerved

–10–

within its own lane once. Domingo decided to make a traffic stop based on the totality of the circumstances, including what the 911 caller reported. Domingo testified he did not witness any traffic violation.

The 911 caller stopped his car while Domingo investigated the DWI. The caller and his wife both provided written statements about what they saw. The affidavits were admitted at the hearing, as well as a video from Domingo's patrol car. Robert Kelley's affidavit states he saw a white pickup truck driving "erratically," unable to maintain his lane, cross over into other lanes more than five times within a few minutes. "He consistently put his left blinker on and either wouldn't change lanes, or he would move only half-way into the right lane." The driver also swerved into oncoming traffic and, on several occasions, hit the curb and drove ten to fifteen miles per hour below the speed limit. An affidavit from his wife, Claudia Kelley, provides a similar recitation of events.

The totality of the circumstances supports the conclusion that Domingo had a particularized and objective basis for suspecting appellant was driving while intoxicated. Kelley and the 911 dispatcher reported appellant was driving erratically, well below the speed limit, unable to maintain his lane and crossing into other lanes, incorrectly using his blinker, hitting curbs and swerved into oncoming traffic. Domingo witnessed appellant driving well below the speed limit and swerving within his own lane. A reasonable officer in Domingo's position could have concluded appellant was driving while intoxicated. Thus, the trial court did not err by concluding appellant's detention was reasonable and denying his motion to suppress. We overrule appellant's third issue.

CONCLUSION

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
171134F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GONZALO ULISES COREAS, Appellant

No. 05-17-01134-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1612118-N.
Opinion delivered by Justice Stoddart.
Justices Whitehill and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of November, 2018.