**Reversed and Remanded and Majority and Dissenting Opinions filed September 2, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00351-CR

---

### JOSE JUAN CHAVEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 344th District Court**
**Chambers County, Texas**
**Trial Court Cause No. 18DCR0269**

---

### DISSENTING OPINION

Because the majority ignores well-settled principles of law regarding the submission of lesser-included offenses, I respectfully dissent.

The majority focuses on the jury's ability to disbelieve some of Flores's testimony, but the majority points to no affirmative evidence directly germane to appellant's lack of an intent to kill. *See, e.g.*, *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012) (noting there must be "affirmative evidence" that is

"directly germane" to the lesser-included offense that both raises the lesser-included offense and rebuts or negates an element of the greater offense); *see also Bullock v. State*, 509 S.W.3d 921, 925 (Tex. Crim. App. 2016) ("[I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted.").

Evidence that Flores pulled the trigger and that it was another accomplice's "idea" to kill the decedents is not enough to negate appellant's intent to kill under the law of parties. *See Ex parte Thompson*, 179 S.W.3d 549, 559 (Tex. Crim. App. 2005) (holding that the applicant was not entitled to an instruction on felony murder as a lesser-included offense of capital murder, under the law of parties, because the applicant's "description of [an accomplice's] actions and intent . . . is not evidence that affirmatively shows that applicant had no intent to kill"). Similarly, evidence that appellant and his accomplices did not intend to kill the decedents at the inception of the kidnapping does not negate evidence that he later formed the intent to kill, as Flores testified. *See Rousseau v. State*, 855 S.W.2d 666, 674–75 (Tex. Crim. App. 1993) (holding that the defendant was not entitled to an instruction on felony murder as a lesser-included offense of capital murder despite evidence that the defendant did not intend to kill the decedent at the inception of the robbery).

Other than appellant's blanket denial of culpability, which the majority acknowledges is insufficient for an instruction on lesser-included offenses, there is no evidence that appellant did not intend to kill the decedents. Considering all of the evidence, it is mere speculation that, because Flores said another accomplice had the "idea" to kill the decedents and Flores pulled the trigger, appellant did not

also form an intent to kill.  *See Ex parte Thompson*, 179 S.W.3d at 559; *see also Cavazos*, 382 S.W.3d at 385 (speculation insufficient); *Salinas v. State*, 163 S.W.3d 734, 737–38, 741–42 (Tex. Crim. App. 2005) (defendant not entitled to felony murder instruction as lesser-included offense of capital murder despite evidence that it was the accomplice's idea to rob the decedent, the accomplice who took the decedent's money, and the accomplice who pulled the trigger).  This evidence does not negate or contradict Flores's testimony that appellant participated in the agreement to murder the decedents and told Flores where to do it.

I would affirm the judgment.


/s/    Ken Wise
Justice

Panel consists of Justices Wise, Bourliot, and Spain. (Bourliot, J., majority).

Publish — TEX. R. APP. P. 47.2(b).

3