

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00151-CR

FRANK NOBLES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 450th District Court
Travis County, Texas
Trial Court No. D-1-DC-21-301803, Honorable Brad Urrutia, Presiding

March 20, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Frank Nobles was convicted by a jury of first-degree murder.[1] He raises the following issues on appeal: (1) the trial court erred in denying his motion to compel a venire constituting a fair cross-section of the African American population; (2) the trial court erred in denying his motion to challenge the first

---

[1] TEX. PENAL CODE ANN. § 19.02.

jury array by misapplying the "Pondexter Test"; and (3) the evidence was insufficient to prove beyond a reasonable doubt he committed murder. We affirm.[2]

## BACKGROUND

One fall evening in Austin, Texas, Appellant's girlfriend, Iyanna Dukes, was gunned down outside her apartment. No one witnessed the shooting. Police arrived at the scene to find Dukes dead and followed a trail of blood leading to her apartment on the second floor. With the door unlocked, officers entered the apartment and found no one there. Four shell casings were recovered at the scene and the case to Dukes's cell phone, but the cell phone itself was never recovered. Police also recovered several firearms and boxes of ammunition from the apartment, but none matched the caliber of the shell casings. Investigators were able to recover video camera footage from buses at a school stadium across from the apartment which showed one of Appellant's three vehicles leaving the scene a few minutes after the shooting. Cell phone records demonstrated Appellant's phone used a cell phone tower in the vicinity of the apartment at the time of the murder. After the murder, the phone used cell phone towers north of the apartment and then went off the network. A week later, Appellant's cell phone account was deactivated completely. He was arrested in Houston two months later for the murder of Dukes.

At trial, the State adduced testimony from the victim's sister, who insisted the victim was afraid of Appellant, had been forced to terminate a prior pregnancy, was pregnant

---

[2] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between the precedent of the Third Court of Appeals and this Court on any issue, this appeal will be decided in accordance with the precedent of the Third Court of Appeals. TEX. R. APP. P. 41.3.

again with Appellant's child, and was determined to leave him on the day of her murder. Among other witnesses, the State also introduced the testimony of the investigating homicide detective, who confirmed the bullet casings found on the scene came from a rifle, but police had been unable to match the casings to a firearm found in the Appellant's apartment or vehicles. The State also introduced the forensic pathologist who performed the autopsy on the victim and confirmed she died of a gunshot wound and was a few weeks pregnant at the time of her death. At the end of trial, the jury returned a verdict of guilty and sentenced Appellant to twenty-five years' imprisonment.

## STANDARD OF REVIEW

The only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); s*ee also Alfaro-Jimenez v. State*, 577 S.W.3d 240, 243–44 (Tex. Crim. App. 2019). We consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014) (citing *Jackson*, 443 U.S. at 318–19).

**ANALYSIS**

**ISSUES ONE AND TWO—CHALLENGE TO THE JURY PANEL**

Appellant's first two issues challenge the jury panel based on its racial make-up. Appellant argues the trial court erred by misapplying the "Pondexter Test" and denying his motion to compel a fair venire panel and motion challenging the first jury array. However, in order to preserve this issue for appeal, the Appellant was required to submit his motion in writing with an attached affidavit by the Appellant or "any credible person." TEX. CODE. CRIM. PROC. ANN. art. 35.07. Although Appellant submitted his motions in writing, he failed to attach the required affidavit. Therefore, Appellant has failed to preserve these issues for appeal. *Stephenson v. State*, 494 S.W.2d 900, 905 (Tex. Crim. App. 1973) (failure to file challenge to jury array without affidavits "presents nothing for review.").

We overrule Appellants issues one and two.

**ISSUE THREE—SUFFICIENCY OF THE EVIDENCE**

By his third issue, Appellant challenges the sufficiency of the evidence. In this case, the evidence presented at trial was purely circumstantial. Nonetheless, the jury may make reasonable inferences from the evidence to support their verdict. *Ingerson v. State*, 559 S.W.3d 501, 507 (Tex. Crim. App. 2018). A person commits murder if the person "intentionally or knowingly causes the death of an individual," or "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." *Pates v. State*, No. 03-22-00174-CR, 2023 Tex. App. LEXIS 3192, at *50–51 (Tex. App.—Austin May 11, 2023, no pet.) (quoting TEX. PENAL CODE ANN.

4

§ 19.02(b)(1), (2)); *Cavazos v. State*, 382 S.W.3d 377, 380 n.1 (Tex. Crim. App. 2012) (citing TEX. PENAL CODE ANN. § 19.02(b)(2)).

The State introduced the following evidence:

- cell phone records establishing Appellant was in the vicinity of the apartment at the time of the murder;

- video footage showing a black SUV identified as one of Appellant's vehicles leaving the apartment complex around the time of the victim's murder;

- a rifle case with a missing rifle was found in Appellant's apartment;

- the shell casings at the scene of the murder indicate a rifle was used to shoot the victim;

- Appellant left Austin and went to Houston, where he was eventually arrested;

- Appellant abandoned his belongings, including several firearms, and did not return to his apartment;

- Appellant never made any contact with law enforcement regarding the shooting;

- the victim was afraid of Appellant, had attempted to leave him multiple times, and had decided to finally leave him on the day of the murder.

Reviewing the evidence in the light most favorable to the verdict, we find the evidence sufficient to enable the jury to find each element of the offense beyond a reasonable doubt. Appellant's third issue is overruled.

## CONCLUSION

The judgment is affirmed.

Alex Yarbrough
Justice

Quinn, C.J., concurs in the result.
Parker, J., concurs in the result.

Do not publish.