# NO. 12-15-00001-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *OSCAR PERKINS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Oscar Perkins appeals his conviction for assault-family violence by impeding breath or circulation. In three issues on appeal, Appellant challenges the legal sufficiency of the evidence to support his conviction, and argues the trial court erred by not including a lesser included offense in the jury charge. We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of assault-family violence by impeding breath or circulation, a third degree felony. The indictment also included two felony enhancement paragraphs.[1] Appellant pleaded "not guilty," and the case proceeded to trial. At the conclusion of the trial, the jury found Appellant guilty of assault-family violence by impeding breath or circulation, as charged in the indictment. The trial court also found the enhancement paragraphs to be "true" and assessed Appellant's punishment at imprisonment for life. This appeal followed.

---

[1] If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment for life, or for any term of not more than ninety-nine years or less than twenty-five years. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2016).

In his first and second issues, Appellant argues that the evidence is legally insufficient to support his conviction and, thus, the trial court erred by denying his motion for directed verdict. We will consider these issues together.

**Standard of Review**

A challenge to the trial court's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction. *Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). In Texas, the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979).

The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. We give deference to the jury's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.* A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances. *Hernandez v. State*, 190 S.W.3d 856, 864 (Tex. App.—Corpus Christi 2006, no pet.).

**Applicable Law**

A person commits the offense of assault-family violence by impeding breath or circulation if (1) he intentionally, knowingly, or recklessly causes bodily injury to another; (2) the victim was a member of the defendant's family; and (3) the offense was committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth. *See Price v. State*, 457 S.W.3d 437, 442 (Tex. Crim. App. 2015); TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A)-(B) (West Supp. 2016); TEX. FAM. CODE ANN. § 7l.003, 71.005 (West 2014). "Family" is defined as individuals related by affinity, i.e., two individuals

who are married to each other. *See* TEX. FAM. CODE ANN. § 7l.003; TEX. GOV'T CODE ANN. § 573.024(a)(1) (West 2012).

**Analysis**

In his brief, Appellant argues that the evidence is insufficient to support his conviction and his motion for directed verdict should have been granted because his wife's testimony was inconsistent and not credible, her normal breathing was not impeded, and she did not suffer any damage or injuries to her neck, throat, or jaw. Thus, he contends, the evidence is insufficient to establish that he intentionally, knowingly, or recklessly impeded his wife's normal breathing or circulation of the blood by applying pressure to her throat or neck. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(B).

The evidence at trial showed that Patsy Perkins was Appellant's wife, and that in April 2014, Appellant moved out of the family home. Patsy was involved in an automobile accident on July 2, 2014, and her vehicle was "totaled." She said that title to the vehicle was in both their names, and Appellant wanted half of the insurance money. She said that on July 16, 2014, Appellant called her and she told him that she could not give him any of the insurance money. In response, Appellant told her that she "better not cash the check," and hung up.

Patsy testified that later that same day, Appellant came to her house and she allowed him inside. Appellant told her that "since [she] had killed him, he was going to kill [her.]" She asked him what he was talking about and he told her to sit down. She complied. Patsy said that Appellant hit her over the head with a pillow about five times, hurting her. He then swung her to the floor and hit her in the head twice with his fist, hurting her and bruising her knees.

Patsy testified that Appellant then picked up an ink pen, and told her to get the check. She stood up and walked toward the bedroom. Appellant then moved behind her, put her in a "chokehold," and dragged her across the floor. Patsy testified that Appellant had one of his forearms on the back of her neck, and his other forearm and bicep around the front of her neck. She said that she could not breathe, and began gagging and gasping for air. Patsy said that Appellant pressed her neck hard and caused her pain. She believed she was going to die. When Appellant stopped choking her, she dropped to her knees and began coughing. She testified that she was in "excruciating" pain and that Appellant appeared to be "like a zombie," sitting on the sofa and "just staring." Patsy ran to a neighbor's house and did not return home until Appellant

3

left.  Then she called law enforcement.  According to Patsy, her thyroid was very painful and her voice was very hoarse as a result of Appellant's actions.

Sergeant Carlos Flores, a Lindale Police Department patrol sergeant, testified that he was dispatched to a residence in Lindale, Texas, on July 16, 2014, regarding an assault.  He stated that Patsy was outside the residence, and he observed that she was crying, shaken, and upset.  According to Flores, Patsy had visible markings on her body, could barely breathe, and was having trouble talking.  Patsy told him that she had been choked, and explained what had occurred.  Flores described Patsy's injuries as a lump or "knot" in the middle of her forehead, a swollen and reddened ear, redness to her neck, and "impressions," indentions, or red marks on her neck from an earring.  Patsy was taken to the hospital by ambulance.

Michael Andrew Weber, M.D., testified that he treated Patsy on July 16, 2014.  Patsy told him that she had been choked by her husband, and that she had neck pain, a headache, and some back pain.  Weber conducted a physical examination and noted that Patsy had a contusion or hematoma to her forehead, and tenderness on the right side of her jaw and the left side of her neck.  A computerized tomography (CT) scan of Patsy's neck and face showed a straightening of the neck that could have been the result of muscle spasms and was consistent with neck trauma.  The CT scan also showed that she had two bone chips on the right side of her face.  Weber diagnosed Patsy with a closed head injury, forehead contusion, neck contusion, and cervical strain, along with an antecedent form of arthritis.  He stated that the neck contusion and cervical strain could be consistent with being choked by an arm.  Weber noted that Patsy's description of being strangled would not necessarily leave bruising, unlike if someone used their fingers.  He believed that being put in a "headlock" by someone's arms could impede normal breathing and circulation if it were forceful enough.

From this evidence, the jury reasonably could have determined that Patsy was Appellant's wife, that he choked her by putting his forearms on either side of her neck, and that as a result, Patsy was unable to breathe.  The evidence also showed that Patsy suffered injuries as a result of Appellant's actions, including visible bruising, neck contusions, and a cervical strain.  As sole judge of the weight and credibility of the evidence, the jury bore the burden of resolving any conflicts in the evidence and deciding the credibility of the witnesses' testimony. *See Brooks*, 323 S.W.3d at 899; *see also Hooper*, 214 S.W.3d at 13. In doing so, the jury was entitled to believe Patsy's testimony that she was unable to breathe, and suffered injuries to her

neck and throat, as a result of being choked by Appellant. *See Brooks*, 323 S.W.3d at 899; *see also Hooper*, 214 S.W.3d at 13. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational jury could have found each element of assault-family violence by impeding breath or circulation beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A)-(B). We overrule Appellant's first and second issues.

## JURY CHARGE

In his third issue, Appellant contends that the trial court erred by not instructing the jury on a lesser included offense, misdemeanor assault, in the jury charge.

### Applicable Law

A two-step process is used to determine whether an appellant was entitled to an instruction on a lesser included offense. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). First, we determine whether the offense qualifies as a "lesser included offense" under article 37.09 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006); *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). This is a question of law, and does not depend on the evidence raised at trial. *Cavazos*, 382 S.W.3d at 382; *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). Under Texas Code of Criminal Procedure article 37.09, an offense is a lesser included offense if

> (1) it is established by proof of the same or less than all of the facts required to establish the commission of the offense charged;
>
> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>
> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
>
> (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

*See* TEX. CODE CRIM. PROC. ANN. art. 37.09.

If the offense is a lesser included offense under article 37.09, we move to the second step and consider whether the evidence shows that if the appellant is guilty, he is guilty only of the lesser offense. *Cavazos*, 382 S.W.3d at 383. This second step is a question of fact, and is based

5

on all of the evidence presented at trial, regardless of whether it is weak, impeached, or contradicted. *Id.*

Although the threshold showing for an instruction on a lesser included offense is low—more than a scintilla of evidence—the evidence must establish that the lesser included offense is a valid and rational alternative to the charged offense. *See **Hall***, 225 S.W.3d at 536. "[I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser included offense for the fact finder to consider before an instruction on a lesser included offense is warranted." ***Bignall v. State***, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). Meeting this threshold requires more than mere speculation; it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense. ***Cavazos***, 382 S.W.3d at 385.

## Analysis

At trial, Appellant's counsel requested that a lesser included offense instruction for a Class A misdemeanor assault be included in the jury charge. A person commits misdemeanor assault if he intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. *See* TEX. PENAL CODE ANN. § 22.01(a)(1)(West Supp. 2016).

In his brief, Appellant argues that he was entitled to a lesser included offense instruction because his wife's injuries could have been caused in ways other than by impeding her breath or circulation. More particularly, he contends that the jury could have believed that Appellant hit his wife in the head, but did not choke her. Appellant contends that hitting Patsy with his fist causing a hematoma to her forehead is a lesser included offense. However, assault by hitting Patsy with his fist is not established by proof of the same or less than all of the facts required to establish assault by "impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth." *See* TEX. CODE CRIM. PROC. ANN. art. 37.09; ***Price***, 457 S.W.3d at 442. Thus, a Class A misdemeanor assault does not qualify as a lesser included offense of assault-family violence by impeding breath or circulation. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09; ***Sweed***, 351 S.W.3d at 68.

Consequently, we need not move to the second step of the analysis. The trial court did not err when it denied Appellant's request that lesser included offense instruction for a Class A misdemeanor assault be included in the jury charge. We overrule Appellant's third issue.

6

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered October 5, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 5, 2016

NO. 12-15-00001-CR

**OSCAR PERKINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1209-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*