

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00330-CR
_____

ANDREW MOJICA, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2018-415,694; Honorable Jim Bob Darnell, Presiding

June 19, 2019

## MEMORANDUM OPINION

Before CAMPBELL, PIRTLE, and PARKER, JJ.

Appellant, Andrew Mojica, was convicted by a jury of the offense of burglary of a building.[1]  During the punishment phase of his trial, he entered a plea of "true" to additional

---

[1] TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2019).  The indictment alleged that Appellant intentionally or knowingly entered a building, not then open to the public, without the consent of the owner, and attempted to commit or committed theft of property.  As such, the offense was a state jail felony. § 30.02(c)(1).

allegations that he had previously been finally convicted of two prior felonies, other than state jail offenses, and the second previous felony conviction was for an offense that occurred subsequent to the first previous felony conviction having become final.[2] As such, his offense was punishable as a second degree felony.[3] Having heard the evidence against him, the jury assessed his sentence at twenty years confinement, with no fine. By a single issue, Appellant contends the trial court erred by not instructing the jury on the lesser-included offense of criminal trespass. We affirm.

### BACKGROUND

The complainant's property, a structure designed to be occupied as a residence, was burglarized on or about the 15th day of February 2017. At the time of the burglary, the property was unoccupied because it was being remodeled. The complainant discovered the burglary while reviewing the video from one of twelve surveillance cameras installed around the premises. Despite the number of cameras, no video captured anyone breaking into or leaving the property; however, it did capture images of two men carrying items away from the property.[4] Events two days later led the Lubbock Police Department to develop Appellant and Armando Narro as suspects in the burglary.

At trial, Appellant requested a lesser-included offense instruction pertaining to the offense of criminal trespass. The trial court denied that request and no lesser-included

---

[2] TEX. PENAL CODE ANN. § 12.425(b) (West 2019).

[3] An offense "punished as" a higher offense raises the level of punishment, not the degree of the offense. *Oliva v. State,* 548 S.W.3d 518, 526-27 (Tex. Crim. App. 2018).

[4] Testimony established that numerous tools, including a radial saw and various cordless Milwaukee power tools, a trampoline, and heavy-duty metal shelving were missing from the property.

offense instruction was included in the court's final charge to the jury during the guilt/innocence phase of trial.

### LESSER-INCLUDED OFFENSES

Appellant contends the trial court erred by refusing to give a lesser-included offense instruction pertaining to the offense of criminal trespass. We review allegations of charge error under an abuse of discretion standard. In that regard, an abuse of discretion occurs when the trial court acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

Whether a defendant is entitled to a requested lesser-included offense instruction requires a two-step analysis. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011) (citing *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007)); *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). "We first consider whether the offense contained in the requested instruction is a lesser-included offense of the charged offense. If so, we must decide whether the admitted evidence supports the instruction." *Goad*, 354 S.W.3d at 446.

In determining whether the lesser-included offense is included in the proof necessary to establish the charged offense, a court must compare the elements as alleged in the indictment with the elements of the potential lesser-included offense. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). Under the Texas Code of Criminal Procedure, an offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense

3

charged . . . ." TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006). Therefore, an offense is a lesser-included offense of another if the indictment for the greater offense alleges all of the elements of the lesser offense. *See Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981) (op. on reh'g).

If there is a lesser-included offense under article 37.09(1), the court moves to the second step of the analysis and considers whether there is some evidence that would permit a rational jury to find that, if the appellant is guilty, he is guilty only of the lesser-included offense. *Hall*, 225 S.W.3d at 536; *Rousseau*, 855 S.W.2d 672-73; *Cavazos*, 382 S.W.3d at 383. This second step is "a question of fact and is based on the evidence presented at trial." *Cavazos*, 382 S.W.3d at 383. A defendant is "entitled to an instruction on a lesser-included offense if some evidence from any source raises a fact issue on whether he is guilty of only the lesser, regardless of whether the evidence is weak, impeached, or contradicted." *Id.* Anything more than a scintilla of evidence may be sufficient to entitle Appellant to the requested lesser charge. *Hall*, 225 S.W.3d at 536. The evidence need only establish the lesser-included offense as a "valid, rational alternative to the charged offense." *Id.*

**ANALYSIS**

As stated above, the first step in determining whether an accused is entitled to a lesser-included offense instruction is to determine whether the lesser offense is, in fact, a lesser-included offense of the offense charged. This is accomplished by comparing the elements of the offense as alleged in the indictment or information with the elements of the potential lesser-included offense. *Id.* As it is relevant to the facts of this case, an offense is a lesser-included offense, as a matter of law, if "it is established by proof of the

4

same or less than all of the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006).

Here, the indictment alleged as follows:

[Appellant] on or about the 15th day of February, A.D. 2017, did then and there intentionally or knowingly enter a building or a portion of a building not then open to the public, without the effective consent of [the complainant], the owner thereof, and attempted to commit or committed theft of property . . . .

This meant the State was required to prove beyond a reasonable doubt that: (1) Appellant, (2) intentionally or knowingly, (3) entered, (4) a building or a portion of a building not open to the public, (5) without the effective consent of the owner thereof, and (6) attempted to commit or committed the offense of theft of property. See TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2019). For purposes of this section of the Penal Code, "enter" means to intrude (1) any part of the body, or (2) any physical object connected with the body. See § 30.02(b).

For purposes of comparison, a person commits the offense of trespass when (1) the accused, (2) enters or remains, (3) on or in the property of another, (4) without the effective consent of another, and (5) had notice the entry was forbidden. See TEX. PENAL CODE ANN. § 30.05(a)(1), (2) (West 2019). For purposes of this section of the Penal Code, "entry" means the intrusion of the entire body. See § 30.05(b)(1).

Based upon these statutory definitions, criminal trespass cannot be a lesser-included offense of burglary of a building, as a matter of law, because it is not established by proof of the same or less than all of the facts required to establish the commission of the offense of burglary. In particular, criminal trespass requires proof of the additional

5

element of establishing the accused's "entire body" intruded upon the premises, as opposed to only intruding "any part of the body." Because the indictment in this case did not include a descriptive averment concerning entry of the entire body, Appellant fails to meet the first prong of the lesser-included offense analysis since the alleged lesser-included offense, criminal trespass, would require proof of that additional element. *See State v. Meru*, 414 S.W.3d 159, 163-64 (Tex. Crim. App. 2013).

Appellant contends the time is right for the courts to reconsider *Meru* and its progeny. In order to do so, this court would have to overturn the *Hall* cognate-pleadings approach since any analysis of the first prong necessarily entails a review of the elements of the offense and the facts *as alleged in the charging instrument. See Hall*, 225 S.W.3d at 535. Based on substantial precedent, we decline to do so. Appellant's sole issue is overruled.

### CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.

6