

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00196-CR
No. 07-18-00197-CR

DEVANTE MANAHAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court Nos. 2011-430,897 & 2018-414,204; Honorable John J. McClendon III, Presiding

November 25, 2019

## MEMORANDUM OPINION

Before QUINN, C.J. and PIRTLE and PARKER, JJ.

Appellant, Devante Manahan, appeals his conviction for the offense of aggravated sexual assault of a child[1] and the resulting revocation of his community supervision for the offense of burglary of a habitation[2] and the concurrent sentences of

---

[1] TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iv), (a)(2)(B) (West 2019).

[2] TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2019).

fifty years of imprisonment in the aggravated sexual assault case[3] and five years in the burglary of a habitation case.[4]   Appellant raises one issue on appeal arguing his entitlement to an instruction to the jury concerning the lesser-included offense of indecency with a child by exposure.  We will affirm the judgments of the trial court.

BACKGROUND

Appellant does not challenge the sufficiency of the evidence to support his convictions.  Therefore, we will set forth only those facts necessary to a disposition of his appellate issue.  TEX. R. APP. P. 47.1.

Appellant was charged via indictment with "intentionally or knowingly caus[ing] the anus of [L.P.], a child who was then and there younger than six years of age . . . to contact the sexual organ of the defendant."  After Appellant pleaded not guilty, the matter was tried before a jury.  At trial, the State presented its case through several witnesses, including the child complainant, a relative who saw part of the sexual encounter, a sexual assault nurse examiner, and a detective who interviewed Appellant.

---

[3] Aggravated sexual assault is a first degree felony.  TEX. PENAL CODE ANN. § 22.021(e) (West 2019).  As such, the offense is punishable by a term of imprisonment for life or for any term not more than ninety-nine years or less than five years and a fine not to exceed $10,000.  Id. at § 12.32 (West 2019).  Where, as here, the victim is younger than six years of age, the minimum term is increased to twenty-five years.  Id. at § 22.021(f)(1) (West 2019).

[4] As indicted, the offense of burglary of a habitation is a second degree felony punishable by imprisonment for any term of not more than twenty years or less than two years and a fine not to exceed $10,000.  TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2019).  In 2011, Appellant pleaded guilty to the offense of burglary of a habitation.  He was placed on community supervision for a term of five years (later extended to six years).  The State filed a motion to revoke Appellant's community supervision when he was charged with aggravated sexual assault of a child.  When Appellant was found guilty of aggravated sexual assault of a child, the trial court revoked Appellant's community supervision and sentenced him to serve five years of imprisonment concurrent with his sentence imposed for his conviction of aggravated sexual assault of a child.

During the charge conference at the conclusion of the guilt-innocence phase of trial, Appellant objected to the trial court's charge to the jury and requested inclusion of an instruction regarding the lesser-included offense of indecency with a child by exposure.[5]  At trial, Appellant's defensive theory was that he did not sexually assault the child but rather masturbated in the presence of the child, thereby committing only the offense of indecency with a child by exposure.  During closing argument, counsel emphasized the testimony that while the child's great uncle saw a sexual act between Appellant and the child, he never saw any contact between the two.  He also claimed other evidence supported his theory.  The court denied Appellant's request for the lesser-included offense and submitted the charge to the jury without it.[6]

On appeal, Appellant argues he was entitled to inclusion of an instruction regarding the lesser-included offense of indecency with a child by exposure for two reasons: (1) indecency with a child by exposure is a recognized lesser-included offense of aggravated sexual assault of a child and (2) defense counsel, via cross-examination of the State's witnesses, elicited testimony that raised the issue of whether Appellant's sexual organ actually touched the child.

### ISSUE ONE—INSTRUCTION ON LESSER-INCLUDED OFFENSE

We review a trial court's refusal to include a lesser-included-offense instruction in the court's charge for an abuse of discretion.  *Threadgill v. State,* 146 S.W.3d 654, 666 (Tex. Crim. App. 2004) (en banc).  An abuse of discretion occurs when the trial court

---

[5] TEX. PENAL CODE ANN. § 21.11 (West 2019).

[6] The court's charge to the jury did include instructions regarding the lesser-included offenses of attempted aggravated sexual assault of a child and indecency with a child by contact.

acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

Whether a defendant is entitled to a requested lesser-included offense instruction requires a two-step analysis. *Goad v. State,* 354 S.W.3d 443, 446 (Tex. Crim. App. 2011) (citing *Hall v. State,* 225 S.W.3d 524, 528 (Tex. Crim. App. 2007)); *Rousseau v. State,* 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). "We first consider whether the offense contained in the requested instruction is a lesser-included offense of the charged offense. If so, we must decide whether the admitted evidence supports the instruction." *Goad*, 354 S.W.3d at 446.

To determine whether the lesser-included offense is included in the proof necessary to establish the charged offense, a court must compare the elements as alleged in the indictment with the elements of the potential lesser-included offense. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). Under the Texas Code of Criminal Procedure, an offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged . . . ." TEX. CODE CRIM. PROC. ANN. art. 37.09(1). Accordingly, an offense is a lesser-included offense of another if the indictment for the greater offense alleges all of the elements of the lesser offense. *See Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981) (op. on reh'g).

If the court concludes the offense is a lesser-included offense under article 37.09(1), the court turns to the second step of the analysis and assesses whether there is some evidence that would allow a rational jury to find that, if the appellant is guilty, he

is guilty only of the lesser-included offense. *Cavazos,* 382 S.W.3d at 383. This second step is "a question of fact and is based on the evidence presented at trial." *Id.* A defendant is "entitled to an instruction on a lesser-included offense if some evidence from any source raises a fact issue on whether he is guilty of only the lesser, regardless of whether the evidence is weak, impeached, or contradicted." *Id.* Anything more than a scintilla of evidence may be sufficient to entitle Appellant to the requested lesser charge. *Hall,* 225 S.W.3d at 536. The evidence need only establish the lesser-included offense as a "valid, rational alternative to the charged offense." *Id.*

Here, both parties agree that indecency with a child by exposure is a lesser-included offense of aggravated sexual assault of a child. TEX. CODE CRIM. PROC. ANN. art. 37.09(1); *Evans v. State,* 299 S.W.3d 138, 143 (Tex. Crim. App. 2009). Therefore, the first step of the analysis is satisfied.

We next consider whether there is more than a scintilla of evidence that Appellant is guilty, if at all, only of indecency with a child by exposure. There are two ways evidence may indicate a defendant is guilty only of the lesser offense. First, the evidence may refute or negate other evidence establishing the greater offense. *Bullock v. State,* 509 S.W.3d 921, 925 (Tex. Crim. App. 2016). Second, the evidence may be subject to different interpretations. *Id.*

Appellant argues there is evidence in the record that Appellant's sexual organ did not contact L.P.'s anus. Appellant contends the jury should have been allowed the opportunity to determine whether the evidence presented at trial showed Appellant committed the offense of masturbating in front of the child rather than contacting the

5

anus of the child with his sexual organ. Appellant points to the testimony of several witnesses, arguing that evidence shows "contact may not have occurred." First, Appellant asserts the testimony of the initial eyewitness, the child's great uncle, did not actually see Appellant and the child's body making contact. During direct examination, the uncle testified he saw Appellant "was on top of my little nephew." He later said Appellant was "pretty much" on top of the child. During cross-examination counsel asked whether the uncle saw Appellant's body make contact with L.P.'s. The uncle answered, "[i]t had to have been contact" because he saw both Appellant's and the child's pants and underwear were down and saw semen on the child and on Appellant. The uncle agreed he had drawn the conclusion that "something bad had just happened." Appellant argues the uncle's testimony "does not definitely state that he saw the sexual organ of [Appellant] contact the child" and thus, provides evidence that Appellant's sexual organ did not contact L.P.'s anus.

Appellant also argues the testimony of the sexual assault nurse examiner raises a fact issue on whether he is guilty only of indecency with a child by exposure. The nurse testified that during her exam of L.P., she "found rapid dilation of the anal sphincter . . . with stool in the vault." She agreed this finding was consistent with "penetration, or with a need to defecate . . . [i]t's consistent with both." Appellant also points to L.P.'s grandmother's testimony that L.P. told her that Appellant "tried to put his penis in his butt." Appellant also says that the grandmother's testimony that she examined the child shortly after the incident and found no signs of physical trauma raises a fact issue regarding contact between Appellant and the child.

Lastly, Appellant contends that a fact issue was raised regarding contact because the State failed to present physical evidence of sexual contact between Appellant and the child even though the nurse collected swabs from L.P.'s penis and anus and also collected L.P.'s pants for examination.

We cannot agree with Appellant that the evidence raised a fact issue concerning contact between Appellant and L.P. such that Appellant would have been entitled to an instruction on the lesser-included offense of indecency with a child by exposure.

First, and quite significantly, a detective who interviewed Appellant testified Appellant admitted during a police interview to the penetration of L.P.'s anus with his penis. The detective told the jury that when he asked Appellant why he took that action against L.P., Appellant answered that "he was mad at [L.P.]." The jury heard the video recording of the interview and the detective's testimony about that interview.[7]

Second, other witness testimony showed Appellant was not guilty of only the exposure offense. The uncle testified he saw Appellant on top of L.P. He saw both Appellant and L.P. had their pants and underwear down and observed semen on both individuals. He said there "had to have been contact" based on what he saw. The nurse testified her physical findings were consistent with the history provided to her and with penetration of L.P.'s anus. The complainant's grandmother testified L.P. told her Appellant "tried to put his penis in his butt."

All of this testimony permitted the jury to find Appellant either contacted L.P.'s anus with his sexual organ or attempted to do so. None of the evidence, even that

_____

[7] At times, the dialogue is difficult to hear due to the audio quality of the recording.

7

evidence cited by Appellant as supporting his theory, showed Appellant was guilty only of indecency with a child by exposure. The evidence did not refute or negate other evidence establishing the greater offense of aggravated sexual abuse of a child and none of the evidence was subject to a different interpretation. *Bullock,* 509 S.W.3d at 925. *See also Hendrix v. State,* 150 S.W.3d 839, 851 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (finding that while there might have been evidence to support the defendant's claim that he committed the lesser-included offense of indecency, there was no conflict raised by the evidence that would permit a rational fact finder to conclude the defendant was guilty only of the lesser-included exposure or contact offenses); *Sanchez v. State,* No. 01-14-00809-CR, 2015 Tex. App. LEXIS 12038, at *36 (Tex. App.—Houston [1st Dist.] Nov. 24, 2015, no pet.) (mem. op., not designated for publication) (discussing *Hendrix* and reaching same conclusion in similar case).

Accordingly, the trial court did not abuse its discretion in refusing to include Appellant's requested instruction pertaining to the lesser-included offense of indecency with a child by exposure. We overrule Appellant's sole issue.

### CONCLUSION

Having resolved Appellant's sole appellate issue against him, we affirm the trial court's judgment in trial court cause number 2018-414,204, appellate court cause number 07-18-00197-CR, pertaining to the offense of aggravated sexual assault.

Appellant has also appealed from the trial court's revocation of his community supervision for burglary of a habitation in trial court cause number 2011-430,897, appellate court cause number 07-18-00196-CR, and the resulting conviction and

sentence for that offense. However, because Appellant does not bring any issues pertaining to that conviction for our review, we also affirm the trial court's judgment in that cause.

Patrick A. Pirtle
Justice

Do not publish.