# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00278-CR

**Dalana Watson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 207TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-19-2917-B, THE HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant, Dalana Watson, challenges her conviction for assault on a public servant. *See* Tex. Penal Code § 22.01(a)(1), (b)(1). The jury found Watson guilty and assessed punishment at five years' imprisonment. *See id.* §§ 12.34(a), 22.01(b)(1). Watson contends in three issues that the evidence of bodily injury was legally insufficient to support her conviction, that the trial court erred when it denied her requested lesser-included-offense instruction on resisting arrest, and that the trial court erred when it overruled her objection for speculation to a witness's testimony. We affirm the trial court's judgment of conviction.

## BACKGROUND

On October 19, 2019, Deputy Matthew Hayles was responding to a wellness-check call for a person reportedly passed out in a silver minivan. When he arrived, he did not see a minivan but he saw a woman standing outside of a silver SUV. He later identified this person as Watson.

Deputy Hayles initially believed Watson was the caller of the wellness check and rolled down his vehicle's window when he passed her and asked if the SUV was her vehicle. She responded, "Why are you messing with me?" and "Aren't there other people you need to go save?" Deputy Hayles started to drive away in search of the silver minivan when he heard a woman screaming, looked in his rearview mirror, and saw Watson in the middle of the road, which had a speed limit of 45 miles per hour.

Concerned for her safety, Deputy Hayles returned to where Watson was in the road. Deputy Hayles was joined by Deputy Roy Salazar, who was also in uniform and driving a marked police car. Deputy Hayles testified that Watson was exhibiting mood swings that went from being excited to crying and that at one point she stumbled backwards. The officers confirmed that the vehicle was registered to her. Deputy Hayles walked around the vehicle, smelled alcohol, and saw an open beer can in the center console. A third officer, Deputy Alyssa Marley, arrived on the scene.

At this point, Deputy Hayles believed that Watson was the person who was the subject of the wellness call that reported a woman passed out in a vehicle. Deputy Hayles attempted to help Watson find a sober ride but testified that she became increasingly aggressive and uncooperative with the officers. At this point, the officers attempted to arrest Watson for public intoxication.

Deputy Hayles testified that when the other two officers attempted to handcuff Watson, she refused to put her hands behind her back. The officers decided to "take her to the ground." From the ground, Watson rolled onto her back and kicked at the deputies. Deputy Hayles testified that one of the other officers said, "don't kick," and then Deputy Hayles's body cam was kicked off him. Deputy Hayles testified that the officers completed the arrest by

utilizing the "wrap system," which is "a device used for violent, combative subjects that hampers their movement."

Deputy Hayles testified that when Watson kicked him in the chest it caused him physical pain. He rated that pain as a one on a ten-point scale and described the pain as "brief." On cross, Deputy Hayles agreed that he wrote in his police report, "The kick caused me brief discomfort, a 1 on a pain scale from 1 to 10." He clarified that even though he wrote that the scale was from 1 to 10, the significance of choosing "1" rather than a "0" was because he felt pain. On redirect, Deputy Hayles explained that when he wrote the report that the sheriff's office was using a 0-to-10 pain scale in assessing victim's pain levels and that an answer of "1" would indicate that a person felt physical pain and that he would make an arrest for assault based on a response of "1."

Deputy Salazar and Deputy Marley both testified and corroborated Deputy Hayles's testimony. Deputy Salazar testified that he saw Watson kick Deputy Hayles and heard Deputy Hayles grunt when kicked.

After hearing all the evidence, the jury found Watson guilty of assault on a public servant and assessed punishment at five years' imprisonment.[1]

## DISCUSSION

### Legal Sufficiency

In her first issue on appeal, Watson challenges the legal sufficiency of the evidence to support her conviction.

---

[1] Watson was also charged with a second count of assault of a public servant for allegedly kicking Deputy Salazar during the same arrest at issue here. However, the jury acquitted Watson on that count and it is not at issue in this appeal.

3

"When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "This standard requires the appellate court to defer 'to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Jackson*, 443 U.S. at 319). "We may not re-weigh the evidence or substitute our judgment for that of the factfinder." *Id.*

"[J]uries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions." *Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007); *see also Winfrey v. State*, 323 S.W.3d 875, 882 (Tex. Crim. App. 2010) ("[I]f the evidence at trial raises only a suspicion of guilt, even a strong one, then that evidence is insufficient."); *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003) ("If, given all of the evidence, a rational jury would necessarily entertain a reasonable doubt as to the defendant's guilt, the due process guarantee requires that we reverse and order a judgment of acquittal."). "Speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented." *Hooper*, 214 S.W.3d at 16.

Although factfinders "may not speculate about the meaning of facts or evidence," they are permitted to "draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial." *See Zuniga*, 551 S.W.3d at 733. "We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution." *Id*. This is because factfinders are "the exclusive judges of the

4

facts, the credibility of the witnesses, and the weight to be given to the testimony." *Id.* "Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id.*

A person commits assault on a public servant by intentionally, knowingly, or recklessly causing bodily injury to another person that the actor knows is a public servant while the public servant is lawfully discharging an official duty. Tex. Penal Code § 22.01(a)(1), (b)(1). "'Bodily injury' means physical pain, illness, or any impairment of the physical condition." *Id.* § 1.07(a)(8).

Watson contends that the evidence was legally insufficient to prove that Deputy Hayles suffered "bodily injury" because his police report documented "brief discomfort" rather than "pain" and noted that it was a "1" on a 1-to-10-point pain scale. Watson contends that "brief discomfort" is "mere offensive touching" that does not rise to the level of "bodily injury." *See Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989) (describing bodily injury as including "even relatively minor physical contacts so long as they constitute more than mere offensive touching").

We disagree. We conclude that the evidence was sufficient to show that Deputy Hayles suffered bodily injury. He testified that although the pain was brief, and that it was a "1" out of 10 on the pain scale, he did feel pain. He clarified that the implication of him rating his pain at a "1" and not a "0" was because he felt pain. Deputy Hayles also testified that the kick knocked his body cam off his chest. Deputy Salazar testified that he saw Watson kick Deputy Hayles and heard Deputy Hayles grunt in response to being kicked. Because pain is included in the definition of bodily injury, *see* Tex. Penal Code § 1.07(a)(8), the evidence was sufficient to

5

show bodily injury. Watson's contention that it was only "offensive touching" because the officer chose the lowest number possible on the pain scale and because the police report described the result of the kick as "discomfort" is a disagreement with how the jury resolved conflicts in the evidence and judged the facts, the credibility of the witnesses, and the weight to be given to the evidence. *See Zuniga*, 551 S.W.3d at 732 (requiring appellate courts to defer to trier of fact to resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (applying deferential standard to review of jury verdict).

We overrule Watson's first issue.

### Lesser Included Offense

In her second issue on appeal, Watson contends that the trial court erred when it denied her request for a lesser-included-offense instruction for resisting arrest.

We review the trial court's decision to deny the inclusion of a lesser-included-offense instruction for an abuse of discretion. *Steele v. State*, 490 S.W.3d 117, 126 (Tex. App.—Houston [1st Dist.] 2016, no pet.). When reviewing whether an instruction on a lesser included offense should have been given to the jury, we apply a two-prong test. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). First, we determine whether "the proof necessary to establish the charged offense also includes the lesser offense." *Id.* If we answer the first inquiry affirmatively, we "must then consider whether the evidence shows that if the Appellant is guilty, [s]he is guilty only of the lesser offense." *Id.*

We begin our analysis with the first prong: whether resisting arrest is a lesser included offense of assault on a public servant. We review this first step de novo as "a question

6

of law." *Id.* To be a lesser included offense of the charged assault of a public servant offense, resisting arrest must either: (1) be established by proof of the same or less facts required to establish the commission of the offense charged; (2) differ only by requiring less serious injury or risk of injury to the same person; (3) differ only by requiring a less culpable mental state; or (4) be an attempt to commit the charged offense or another included offense. *See* Tex. Code Crim. Proc. art. 37.09.

We use the cognate-pleadings approach to determine whether the proposed lesser included offense can be established by proof of the same or less facts required to establish the commission of the offense charged. *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). "It does not depend on the evidence to be produced at the trial." *Id.* Rather, it "must be, capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense." *Id.* at 535–36. "[T]he elements of the lesser-included offense do not have to be pleaded in the indictment if they can be deduced from facts alleged in the indictment." *Cavazos*, 382 S.W.3d at 383. To determine this, we use the "functional-equivalence concept," in which we "examine the elements of the lesser offense and decide whether they are functionally the same or less than those required to prove the charged offense." *Id.*

Here, the indictment alleged that Watson "intentionally, knowingly, or recklessly cause[d] bodily injury to Deputy Hayles by kicking Deputy Hayles in the chest, and the Defendant did then and there know that the said Deputy Hayles was then and there a public servant, to-wit: a peace officer, and that the said Deputy Hayles was then and there lawfully discharging an official duty, to wit, arresting the Defendant." *See* Tex. Penal Code § 22.01(a)(1), (b)(1) (listing elements of assault on public servant).

7

As relevant here, resisting arrest, occurs when a person "intentionally prevents or obstructs a person he knows is a peace officer . . . from effecting an arrest . . . of the actor . . . by using force against the peace officer." *Id.* § 38.03(a).

Comparing the elements, we conclude that the proposed lesser-included offense contains at least one element that the charged offense as alleged in the indictment does not. Resisting arrest contains the "prevents or obstructs" element, while the assault offense does not. *See Gilmore v. State,* 44 S.W.3d 92, 96 (Tex. App.—Beaumont 2001, pet. ref'd) (explaining that "prevents or obstructs" element of resisting-arrest statute is "not functionally the same or less than" any element of assault-on-public-servant statute); *see also Wiethorn v. State*, No. 03-09-00036-CR, 2012 WL 753163, at *3 (Tex. App.—Austin Mar. 7, 2012, pet. ref'd) (mem. op., not designated for publication) (same). Additionally, "the assault offense includes a reckless mental state whereas resisting arrest proscribes only intentional conduct." *Gilmore*, 44 S.W.3d at 96. Thus, the State was not required to prove an intentional act. Rather, it could prove a reckless intent. *See* Tex. Penal Code § 6.03 (defining intentional and reckless culpable mental states).

In *Hall*, the Court of Criminal Appeals reasoned that although the evidence actually presented at trial may "show a number of other lesser offenses," to be entitled to a lesser-included-offense instruction, the proposed lesser-included offense's elements must be "established by the same or less than the proof *required* to prove the allegations in the indictment." 225 S.W.3d at 536–37 (emphasis added). Thus, even though the evidence presented at trial may have supported a finding that Watson intended to prevent or obstruct her arrest, the State did not have to prove those elements as part of the charged offense.

8

Having concluded as a matter of law, that as pleaded in the indictment in this case, assault on a public servant did not include resisting arrest as a lesser-included offense, we do not reach the second prong of the analysis. *See Cavazos* 382 S.W.3d at 382 (describing first prong as "threshold" and directing courts to address second prong only "if this threshold is met").

We hold that the trial court did not abuse its discretion by refusing Watson's requested lesser-included-offense instruction. *See Steele*, 490 S.W.3d at 130. We overrule her second issue.

### *Witness Testimony*

In her final issue, Watson contends that the trial court abused its discretion when it overruled her objection to witness testimony based on speculation. Specifically, Watson complains of the following exchange:

A. I asked if that was her Lone Star. When I got my flashlight and was able to see inside of the vehicle, I observed an open Lone Star beer can inside the center console area.

Q. And what was her answer to your question?

A. She said, "No."

Q. Were you able to tell that there was, in fact, a Lone Star in that car, though?

A. I did observe one.

Q. Would deception of that kind of give you any additional concerns?

A. Correct, just her overall behavior. From the moment that I stepped close to her car, she started yelling at me to get away from it or not look into it.

Q. In your training or experience, could that be a tell of something?

[Watson's counsel]: Objection, calls for speculation.

9

[State's counsel]: Judge, I asked from his training and experience.

THE COURT: Overruled.

Q. [State's counsel] You may answer the question. I can ask it again, if you remember it.

A. I remember it. Yeah, it can be seen as a deceptive factor, leading me to believe that there may be something illegal inside the vehicle.

Watson contends that the officer's testimony was improper because the witness was not designated as an expert witness in criminal behavior and because the testimony was not based on reliable scientific evidence. *See Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992) (explaining requirements for establishing that scientific evidence relied on by expert witness is reliable). The State responds on appeal that the officer did not testify as an expert, but rather as a lay witness. *See* Tex. R. Evid. 701(a) (allowing lay witness opinion testimony when "rationally based on the witness's perception"); *Osbourn v. State*, 92 S.W.3d 531, 536 (Tex. Crim. App. 2002) ("When a witness who is capable of being qualified as an expert testifies regarding events which he or she personally perceived, the evidence may be admissible as both Rule 701 opinion testimony and Rule 702 expert testimony."). Watson limits her issue to scientific reliability of expert testimony.

The State, however, contends that Watson's expert witness complaint was not preserved. We agree. To preserve a claim for appellate review, there must generally be a timely, specific objection that comports with the complaint on appeal as well as an adverse ruling from the trial court. *See* Tex. R. App. P. 33.1(a); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (explaining that complaint on appeal must comport with objection at trial). Further, the objection must state the relevant grounds for the complaint "with sufficient specificity to

make the trial court aware of the complaint, unless the specific grounds were apparent from the context." *Id.* R. 33.1(a)(1)(A).

Here, we conclude that Watson's "calls for speculation" objection did not make the trial court aware that she was complaining about the scientific reliability of the deputy's testimony, nor that she was complaining that the deputy had not been established as an expert witness. *See Sartin v. State*, 680 S.W.3d 663, 672 (Tex. App.—Beaumont 2023, no pet.) (concluding that objection "calls for speculation" did not identify reason question was believed to be speculative, and thus, did not preserve the complaint for appellate review); *Osbourn*, 92 S.W.3d at 536 ("A person with specialized knowledge may testify about his or her own observations under Rule 701 and may also testify about the theories, facts and data used in his or her area of expertise under Rule 702."). Because this complaint was not preserved for appellate review, we do not reach the merits of this issue. *See Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (explaining that if issue has not been preserved for appeal, court of appeals should not address merits of that issue).

## CONCLUSION

Because we have overruled Watson's first and second issues and cannot reach her third, we affirm the trial court's judgment of conviction.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Kelly

Affirmed

Filed:  February 16, 2024

Do Not Publish

11